UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NETAPP INC., ) | |
| ) | |
| Plaintiff, ) | Case No.:13-CV-05058-LHK |
| ) | |
| v. ) | |
| ) | ORDER DENYING ADMINISTRATIVE |
| NIMBLE STORAGE, INC., MICHAEL ) | MOTIONS TO SEAL |
| REYNOLDS, an individual, and Does 1-50, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court are two administrative motions to seal various documents filed in conjunction with Plaintiff NetApp Inc.'s ("NetApp") motion for leave to file sur-reply in opposition to Nimble Storage, Inc.'s and Michael Reynolds's (collectively, "Defendants") motion to dismiss, as well as Defendants' motion to strike. *See* ECF Nos. 85 & 96.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming this presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when

Case No.: 13-CV-05058-LHK
ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL

such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.*  Motions to dismiss are typically treated as dispositive motions.  *See In re PPA Products Liability Litigation,* 460 F.3d 1217, 1231 (9th Cir. 2006).

Records attached to nondispositive motions are not subject to the strong presumption of access.  *See Kamakana*, 447 F.3d at 1179.  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.  *Id.* at 1179-80 (internal quotation marks omitted).  The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  In general, motions to strike are treated as non-dispositive.  *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014) (citing *Guzik Technical Enters, Inc. v. W. Digital Corp.*, 2013 WL 6070414 (N.D. Cal. Nov. 18, 2013)).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b).  "Generally [a trade secret] relates to the production of goods. . . .  It may, however, relate to the sale of goods or to other operations in the

Case No.: 13-CV-05058-LHK
ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL

business. . . ." *Id.* (ellipses in original). In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

Here, the documents submitted under seal were filed in conjunction with a motion for leave to file sur-reply in opposition to a motion to dismiss (generally regarded as a dispositive motion) and a motion to strike (generally regarded as non-dispositive), as well as the subsequent sur-reply itself. Therefore, NetApp's motions to seal relate to a sur-reply that is arguably both dispositive and non-dispositive. However, all the documents subject to NetApp's first motion to seal (ECF No. 85) are cited by NetApp in support of its opposition to Defendants' motion to dismiss, which is a dispositive motion. Specifically, NetApp cites these documents to argue that they show Defendant Reynolds is a direct employee of Nimble and not Nimble AUS, a separate but related entity. *See, e.g.*, ECF No. 85-3, at 4-5 (citing and discussing documents related to Reynolds' employment, which NetApp argues goes to show why Nimble is vicariously liable for Reynolds' actions). Therefore, because NetApp relies on these documents to support arguments related to a dispositive motion, the Court applies the "compelling reasons" standard to NetApp's first motion to seal (ECF No. 85).

Case No.: 13-CV-05058-LHK
ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL

With respect to the three documents filed under seal in conjunction with NetApp's second motion to seal (ECF No. 96), NetApp cites two of these documents (ECF Nos. 96-5 & 96-6) to support NetApp's arguments related to its opposition to Defendants' motion to strike, which is a non-dispositive motion. *See, e.g.*, ECF No. 93-3, at 7 (citing and discussing documents to argue that Defendants will not suffer prejudice as required in a motion to strike). NetApp's second motion to seal also seeks to seal a third document, ECF No. 96-4, which NetApp cites in support of its opposition to Defendants' motion to dismiss, a dispositive motion. *See* ECF No. 96-3, at 6. Therefore, with regards to NetApp's second motion to seal, the Court applies the "compelling reasons" standard to ECF No. 96-4, and the "good cause" standard to ECF No. 96-5 and 96-6.

With these standards in mind, the Court rules on the instant motions as follows:

| **Motion** | **ECF No.** | **Document** | **Ruling** |
|---|---|---|---|
| 85 | 85-3 | NetApps' Administrative Motion for Leave to File Sur-Reply in Opposition to Defendants' Motions to Dismiss and Strike | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material. The designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |
| 85 | 85-4 | Declaration of Karineh Khachatourian in Support of NetApp's Administrative Motion for Leave to File Sur-Reply in Opposition to Defendants' Motion to Dismiss and Motion to Strike ("Khachatourian Decl.") | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material. The designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |
| 85 | 85-5 | Khachatourian Decl. Ex. C | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material. The designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |
| 85 | 85-6 | Khachatourian Decl. Ex. D | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material. The designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |
| 85 | 85-7 | Khachatourian Decl. Ex. E | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material. The |

| | | | |
|---|---|---|---|
| | | | designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |
| 85 | 85-8 | Khachatourian Decl. Ex. F | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material. The designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |
| 85 | 85-9 | Khachatourian Decl. Ex. G | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material. The designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |
| 85 | 85-10 | Khachatourian Decl. Ex. H | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material. The designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |
| 85 | 85-11 | Khachatourian Decl. Ex. I | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material. The designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |
| 85 | 85-11 | Khachatourian Decl. Ex. J | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material. The designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |
| 96 | 96-3 | NetApp's Sur-Reply in Opposition to Defendants' Motion to Dismiss and Strike | DENIED with prejudice because no supporting declaration was ever filed. |
| 96 | 96-4 | Declaration of Karineh Khachatourian in Support of NetApp, Inc.'s Sur-Reply in Opposition to Defendant's Motion to Dismiss and Strike ("Sur-Reply Decl.") | DENIED with prejudice because no supporting declaration was ever filed. |
| 96 | 96-5 | Sur-Reply Decl. Ex. A | DENIED with prejudice because no supporting declaration was ever filed. |
| 96 | 96-6 | Sur-Reply Decl. Ex. B | DENIED with prejudice because no supporting declaration was ever filed. |
| 96 | 96-7 | Sur-Reply Decl. Ex. C | DENIED with prejudice because no |

Case No.: 13-CV-05058-LHK
ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL

| | | | supporting declaration was ever filed. |
|---|---|---|---|

**IT IS SO ORDERED.**

Dated: January 29, 2015

                                                                                  */s/ Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No.: 13-CV-05058-LHK
ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL