PATRICK E. PREMO (CSB No. 184915)
ppremo@fenwick.com
DAN KO OBUHANYCH (CSB No. 255160)
dobuhanych@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

SEBASTIAN E. KAPLAN (CSB No. 248206)
skaplan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendant
NIMBLE STORAGE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETAPP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NIMBLE STORAGE, INC., MICHAEL REYNOLDS, an individual, and Does 1-50,<br><br>Defendants. | Case No.: 5:13-cv-05058-LHK (HRL)<br><br>**DEFENDANT NIMBLE STORAGE, INC.'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Trial Date: October 26, 2015<br>Complaint Filed: October 29, 2013 |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Defendant Nimble Storage, Inc. ("Nimble") for its Answer to NetApp, Inc.'s Second Amended Complaint (the "SAC") states as follows:

**NATURE OF THE ACTION**

1.      Nimble Storage, Inc. ("Nimble") denies the averments of Paragraph 1 of the SAC. Nimble independently develops its own products and innovation, does not engage in illegal conduct, and does not rely on or use in any way information acquired from other companies for its success.  Paragraph 1 of the SAC also consists of legal conclusions to which a response is not required.

To the extent the averments of Paragraph 1 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), including claims based on vicarious liability, alter ago liability, and/or conspiracy liability, claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by the California Uniform Trade Secret Act ("CUTSA") or the Copyright Act, Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order on Defendants' Motion to Dismiss and Strike (the "Second Dismissal Order").

2.      Nimble denies the averments of Paragraph 2 of the SAC.  Nimble acted diligently and reasonably in cooperating with NetApp to investigate NetApp's claims and averments relating to this action.  To the extent the averments of Paragraph 2 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), including claims based on vicarious liability, alter ago liability, and/or conspiracy liability, claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

**THE PARTIES**

3.      Nimble lacks the knowledge or information sufficient to admit or deny the averments of Paragraph 3 of the SAC and accordingly denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

4.      Nimble admits the averments of Paragraph 4 of the SAC.

5.      Nimble denies that Defendant Michael Reynolds is directly employed by Nimble Storage, Inc. ("Nimble U.S.A.").  As the Court held in its Second Dismissal Order, Defendant Reynolds is employed by Nimble Storage Australia Pty Limited ("Nimble AUS"), a subsidiary of Nimble, U.S.A.  *See* Second Dismissal Order at 9:10-20, 20:5-18.  To the extent Paragraph 5 is intended to include other factual averments against Nimble, Nimble denies them.

To the extent the averments of Paragraph 5 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

6.      Nimble denies the averments of Paragraph 6 of the SAC. The averments of Paragraph 6 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, and Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.  Moreover, as the Court held in its Second Dismissal Order, Defendant Reynolds is directly employed by Nimble Storage Australia Pty Limited ("Nimble AUS"); NetApp failed to show that Reynolds is employed by Nimble U.S.A.  *See* Second Dismissal Order at 9:10-20, 20:5-18.

7.      Nimble denies the averments of Paragraph 7 of the SAC.  The averments of Paragraph 7 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), including claims based on vicarious liability, alter ago liability, and/or conspiracy liability, claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, and Nimble is not required to

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's

2   Second Dismissal Order.

3       8.      Paragraph 8 of the SAC consists of legal conclusions to which a response is not

4   required.

5       9.      Nimble denies the averments of Paragraph 9 of the SAC.  The averments of

6   Paragraph 9 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and

7   Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second Cause of Action), or

8   claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former

9   employees, or (2) are preempted by CUTSA or the Copyright Act, and Nimble is not required to

10  respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's

11  Second Dismissal Order.

12                          **JURISDICTION AND VENUE**

13      10.     Paragraph 10 of the SAC consists of legal conclusions to which a response is not

14  required.

15      11.     Paragraph 11 of the SAC consists of legal conclusions to which a response is not

16  required.  The averments of Paragraph 11 of the SAC are based on NetApp's claims for Violations

17  of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels

18  (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that

19  (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act,

20  and Nimble is not required to respond.  These claims against Nimble were dismissed with

21  prejudice pursuant to the Court's Second Dismissal Order.

22      12.     Paragraph 12 of the SAC consists of legal conclusions to which a response is not

23  required.  To the extent the averments in Paragraph 12 are intended to include factual averments

24  against Nimble, Nimble denies them.

25      13.     Paragraph 13 of the SAC consists of legal conclusions to which a response is not

26  required.  To the extent the averments in Paragraph 13 are intended to include factual averments

27  against Nimble, Nimble denies them.

28  / / /

**INTRADISTRICT ASSIGNMENT**

14.     Paragraph 14 of the SAC consists of legal conclusions to which a response is not required.

**FACTUAL AVERMENTS**

15.     Nimble lacks the knowledge or information sufficient to admit or deny the averments of Paragraph 15 of the SAC and accordingly denies them.

16.     Nimble lacks the knowledge or information sufficient to admit or deny the averments of Paragraph 16 of the SAC and accordingly denies them.

17.     Nimble lacks the knowledge or information sufficient to admit or deny the averments of Paragraph 17 of the SAC and accordingly denies them.

18.     Nimble lacks the knowledge or information sufficient to admit or deny the averments of Paragraph 18 of the SAC and accordingly denies them.

19.     Nimble lacks the knowledge or information sufficient to admit or deny the averments of Paragraph 19 of the SAC and accordingly denies them.

20.     Nimble lacks the knowledge or information sufficient to admit or deny the averments of Paragraph 20 of the SAC and accordingly denies them.

21.     Nimble denies the averments of Paragraph 21 of the SAC.  Nimble independently develops its own products and innovation, does not engage in illegal conduct, and does not in any way rely on or use confidential or proprietary information acquired from competitors for its success.  Nimble does not target NetApp resellers and encourage them to bring NetApp's proprietary information from NetApp to Nimble.  Moreover, to the extent the averments of Paragraph 21 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

/ / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    22.    Nimble denies the averments of Paragraph 22 of the SAC.  Nimble independently

2    develops its own products and innovation, does not engage in illegal conduct, and does not in any

3    way rely on or use confidential or proprietary information acquired from competitors for its

4    success.  Moreover, to the extent the averments of Paragraph 22 of the SAC are based on NetApp's

5    claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for

6    Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of

7    Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the

8    Copyright Act, Nimble is not required to respond.  These claims against Nimble were dismissed

9    with prejudice pursuant to the Court's Second Dismissal Order.

10    23.    The averments of Paragraph 23 of the SAC are based on NetApp's claims for

11    Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to

12    Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that

13    (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act,

14    and Nimble is not required to respond.  These claims against Nimble were dismissed with

15    prejudice pursuant to the Court's Second Dismissal Order.

16    24.    The averments of Paragraph 24 of the SAC are based on NetApp's claims for

17    Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to

18    Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action)

19    that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright

20    Act, and Nimble is not required to respond.  These claims against Nimble were dismissed with

21    prejudice pursuant to the Court's Second Dismissal Order.

22    25.    The averments of Paragraph 25 of the SAC are based on NetApp's claims for

23    Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to

24    Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action)

25    that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright

26    Act, and Nimble is not required to respond.  These claims against Nimble were dismissed with

27    prejudice pursuant to the Court's Second Dismissal Order.

28    / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

26.     The averments of Paragraph 26 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, and Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

27.     Per the Court's Second Dismissal Order, the Court granted Nimble's motion to strike portions of Paragraph 27 from the SAC.  *See* Second Dismissal Order at 47:13-14.  Nimble denies the remainder of Paragraph 27 of the SAC.

28.     Per the Court's Second Dismissal Order, the Court granted Nimble's motion to strike Paragraph 28 in its entirety from the SAC.  *See* Second Dismissal Order at 47:13-14.  Nimble will not respond to Paragraph 28 of the SAC.

29.     Per the Court's Second Dismissal Order, the Court granted Nimble's motion to strike Paragraph 29 in its entirety from the SAC. *See* Second Dismissal Order at 48:7.  Nimble will not respond to Paragraph 29 of the SAC.

30.      Per the Court's Second Dismissal Order, the Court granted Nimble's motion to strike Paragraph 30 in its entirety from the SAC.  *See* Second Dismissal Order at 48:22-23.  Nimble will not respond to Paragraph 30 of the SAC.

31.     Nimble denies the averments of Paragraph 31 of the SAC.  Nimble independently develops its own products and innovation, does not engage in illegal conduct, and does not in any way rely on or use confidential or proprietary information acquired from competitors for its success.  Moreover, the averments of Paragraph 31 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, and Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

/ / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

32.     Nimble denies the averments of Paragraph 32 of the SAC.  Nimble independently develops its own products and innovation, does not engage in illegal conduct, and does not in any way rely on or use confidential or proprietary information acquired from competitors for its success.  Moreover, the averments of Paragraph 32 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, and Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

33.     Nimble denies the averments of Paragraph 33 of the SAC.  Nimble independently develops its own products and innovation, does not engage in illegal conduct, and does not in any way rely on or use confidential or proprietary information acquired from competitors for its success.  Moreover, the averments of Paragraph 33 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, and Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

34.     Nimble denies the averments of Paragraph 34 of the SAC.  Nimble independently develops its own products and innovation, does not engage in illegal conduct, and does not in any way rely on or use confidential or proprietary information acquired from competitors for its success.  Moreover, the averments of Paragraph 34 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), including claims based on vicarious liability, alter ago liability, and/or conspiracy liability, claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, and Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

35.     Paragraph 35 does not include factual averments against Nimble. To the extent Paragraph 35 is intended to include factual averments against Nimble, Nimble denies them.

36.     Paragraph 36 does not include factual averments against Nimble. To the extent Paragraph 36 is intended to include factual averments against Nimble, Nimble denies them.

37.     Paragraph 37 does not include factual averments against Nimble. To the extent Paragraph 37 is intended to include factual averments against Nimble, Nimble denies them.

38.     Paragraph 38 does not include factual averments against Nimble. To the extent Paragraph 38 is intended to include factual averments against Nimble, Nimble denies them.

39.     Paragraph 39 does not include factual averments against Nimble. To the extent Paragraph 39 is intended to include factual averments against Nimble, Nimble denies them.

40.     Paragraph 40 does not include factual averments against Nimble. To the extent Paragraph 40 is intended to include factual averments against Nimble, Nimble denies them.

41.     Paragraph 41 does not include factual averments against Nimble. To the extent Paragraph 41 is intended to include factual averments against Nimble, Nimble denies them.

42.     Paragraph 42 does not include factual averments against Nimble. To the extent Paragraph 42 is intended to include factual averments against Nimble, Nimble denies them.

43.     Paragraph 43 does not include factual averments against Nimble. To the extent Paragraph 43 is intended to include factual averments against Nimble, Nimble denies them.

44.     Nimble admits that Michael Reynolds is an employee of Nimble Storage Australia Pty Limited ("Nimble AUS"), and began employment with Nimble AUS in May 2013.  Nimble denies that Defendant Michael Reynolds is directly employed by Nimble U.S.A.  As the Court held in its Second Dismissal Order, Defendant Reynolds is directly employed by Nimble Storage Australia Pty Limited ("Nimble AUS"), a subsidiary of Nimble, U.S.A., and NetApp has failed to show that Defendant Reynolds is directly employed by Nimble U.S.A.  *See* Second Dismissal Order at 9:10-20, 20:5-18.  Nimble otherwise lacks the knowledge or information sufficient to admit or deny the averments of Paragraph 44 of the SAC and accordingly denies them.

Moreover, to the extent that the averments of Paragraph 44 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action),

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition

2   (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by

3   CUTSA or the Copyright Act, Nimble is not required to respond.  These claims against Nimble

4   were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

5          45.    Nimble lacks the knowledge or information sufficient to admit or deny the

6   averments of Paragraph 45 of the SAC and accordingly denies them.  Moreover, to the extent that

7   the averments of Paragraph 45 of the SAC are based on NetApp's claims for Violations of the

8   Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second

9   Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern

10  NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, Nimble is

11  not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to

12  the Court's Second Dismissal Order.

13         46.    Nimble lacks the knowledge or information sufficient to admit or deny the

14  remaining averments of Paragraph 46 of the SAC and accordingly denies them.  Moreover, to the

15  extent that the averments of Paragraph 46 of the SAC are based on NetApp's claims for

16  Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to

17  Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action)

18  that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright

19  Act, Nimble is not required to respond.  These claims against Nimble were dismissed with

20  prejudice pursuant to the Court's Second Dismissal Order.

21         47.    Paragraph 47 does not include factual averments against Nimble. To the extent

22  Paragraph 47 is intended to include factual averments against Nimble, Nimble denies them.

23  Moreover, to the extent that the averments of Paragraph 47 of the SAC are based on NetApp's

24  claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for

25  Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause

26  of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the

27  Copyright Act, Nimble is not required to respond.  These claims against Nimble were dismissed

28  with prejudice pursuant to the Court's Second Dismissal Order.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

48.     Nimble denies that Defendant Michael Reynolds is directly employed by Nimble Storage, Inc. ("Nimble U.S.A").  As the Court held in its Second Dismissal Order, Defendant Reynolds is directly employed by Nimble Storage Australia Pty Limited, a subsidiary of Nimble U.S.A., and NetApp has failed to show that Defendant Reynolds is directly employed by Nimble U.S.A.  *See* Second Dismissal Order at 9:10-20, 20:5-18.  Nimble otherwise lacks the knowledge or information sufficient to admit or deny the averments of Paragraph 48 of the SAC and accordingly denies them.  Moreover, to the extent that the averments of Paragraph 48 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

49.     Nimble lacks the knowledge or information sufficient to admit or deny the averments of Paragraph 49 of the SAC and accordingly denies them.  Moreover, to the extent that the averments of Paragraph 49 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

**FIRST CAUSE OF ACTION**
**Violations of Computer Fraud and Abuse Act**
**18 U.S.C. §§ 1030(a)(2)(C) & (a)(4) & (a)(5)**
**(Against Defendants Reynolds and Nimble)**

50.     In response to the averments contained in Paragraph 50 of the SAC, Nimble incorporates and reasserts its responses contained in 1-49 as if fully stated herein.

51.     Paragraphs 51 through 58, inclusive, of the SAC constitute NetApp's claim for Violations of the Computer Fraud and Abuse Act against Nimble.  These claims against Nimble were dismissed in their entirety with prejudice per the Court's Second Dismissal Order.  Nimble

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    is therefore not required to respond to Paragraph 51 of the SAC.  *See* Second Dismissal Order at

2    29:22-24, 39:24-25.

3        52.    *See* Paragraph 51 above.

4        53.    *See* Paragraph 51 above.

5        54.    *See* Paragraph 51 above.

6        55.    *See* Paragraph 51 above.

7        56.    *See* Paragraph 51 above.

8        57.    *See* Paragraph 51 above.

9        58.    *See* Paragraph 51 above.

10                    **SECOND CAUSE OF ACTION**
                          **Trespass to Chattels**
11                 **(Against Defendants Reynolds and Nimble)**

12       59.    In response to the averments contained in Paragraph 59 of the SAC, Nimble

13   incorporates and reasserts its responses contained in 1-58 as if fully stated herein.

14       60.    Paragraphs 60 through 66, inclusive, of the SAC constitute NetApp's claim for

15   Trespass to Chattels.  These claims against Nimble were dismissed in their entirety with prejudice

16   per the Court's Second Dismissal Order.  Nimble is therefore not required to respond to

17   Paragraph 60 of the SAC.  *See* Second Dismissal Order at 34:18-21.

18       61.    *See* Paragraph 60 above.

19       62.    *See* Paragraph 60 above.

20       63.    *See* Paragraph 60 above.

21       64.    *See* Paragraph 60 above.

22       65.    Paragraph 65 of the SAC constitutes NetApp's claim for Trespass to Chattels.

23   These claims against Nimble were dismissed in their entirety with prejudice per the Court's

24   Second Dismissal Order.  Nimble is therefore not required to respond to Paragraph 65 of the

25   SAC.  *See* Second Dismissal Order at 34:18-21.

26       66.    *See* Paragraph 60 above.

27   / / /

28   / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**THIRD CAUSE OF ACTION**
**Breach of Contract**
**(Against Defendants Reynolds)**

67.     The Third Cause of Action for Breach of Contract names only Reynolds; therefore, Nimble does not need to respond to Paragraphs 67 through 72, inclusive.

68.     *See* Paragraph 67 above.

69.     *See* Paragraph 67 above.

70.     *See* Paragraph 67 above.

71.     *See* Paragraph 67 above.

72.     *See* Paragraph 67 above.

**FOURTH CAUSE OF ACTION**
**Unfair Competition**
**California Business and Professions Code § 17200, *et seq.***
**(Against Defendants Reynolds and Nimble)**

73.     In response to the averments contained in Paragraph 73 of the SAC, Nimble incorporates and reasserts its responses contained in 1-72 as if fully stated herein.

74.     Nimble lacks the knowledge or information sufficient to admit or deny the averments of Paragraph 74 of the SAC and accordingly denies them.  Further, Paragraph 74 does not include factual averments against Nimble.

75.     Nimble denies the averments of Paragraph 75 of the SAC.  Nimble independently develops its own products and innovation, does not engage in illegal conduct, and does not in any way rely on or use confidential or proprietary information acquired from competitors for its success.  Paragraph 75 also consists of legal conclusions to which a response is not required.  Moreover, to the extent that the averments of Paragraph 75 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), including claims based on vicarious liability, alter ago liability, and/or conspiracy liability, claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

76.     Nimble denies the averments of Paragraph 76 of the SAC.  Nimble independently develops its own products and innovation, does not engage in illegal conduct.  Nimble does not "target" NetApp "resellers" in any manner, did not encourage "Reynolds and others to manipulate NetApp data," and has not encouraged Reynolds or its employees to use their knowledge of NetApp's products to "access a compilation of . . . other materials on NetApp's protected computers."  Moreover, to the extent that the averments of Paragraph 76 of the SAC are based on NetApp's claims for Violations of the Computer Fraud and Abuse Act (First Cause of Action), claims for Trespass to Chattels (Second Cause of Action), or claims for Unfair Competition (Fourth Cause of Action) that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, Nimble is not required to respond.  These claims against Nimble were dismissed with prejudice pursuant to the Court's Second Dismissal Order.

77.     Paragraph 77 does not include factual averments against Nimble.  To the extent Paragraph 77 is intended to include factual averments against Nimble, Nimble denies them.

78.     Paragraph 78 of the SAC consists of legal conclusions to which a response is not required.  To the extent the averments in Paragraph 78 are intended to include factual averments against Nimble, Nimble denies them.   Moreover, to the extent the averments of Paragraph 78 are based on NetApp's claims of Violations of the Computer Fraud and Abuse Act, claims of Trespass to Chattels, or claims of Unfair Competition that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, NetApp is therefore not entitled to any relief whatsoever and Nimble is not required to respond. These claims against Nimble were dismissed in their entirety and with prejudice, per the Court's Second Dismissal Order.

79.     Paragraph 79 of the SAC consists of legal conclusions to which a response is not required.

80.     Paragraph 80 of the SAC consists of legal conclusions to which a response is not required.

/ / /

/ / /

## NETAPP'S PRAYER FOR RELIEF

To the extent that the Prayer for Relief of the SAC makes any factual averments against Nimble, they are denied. Nimble denies that Plaintiff is entitled to the relief sought or to any relief whatsoever arising from the averments in its SAC.  Moreover, to the extent the averments of Prayer For Relief are based on NetApp's dismissed claims for Violations of the Computer Fraud and Abuse Act, claims for Trespass to Chattels, or claims for Unfair Competition that (1) concern NetApp's former employees, or (2) are preempted by CUTSA or the Copyright Act, NetApp is therefore not entitled to any relief whatsoever. These claims against Nimble were dismissed in their entirety and with prejudice, per the Court's Second Dismissal Order.

## NIMBLE'S DEFENSES

As separate defenses to Plaintiff's Second Amended Complaint ("SAC") and to each cause of action, claim, and averment contained therein, Defendant Nimble states as follows and reserves its rights to assert other defenses when and if they become appropriate:

## FIRST DEFENSE
## WAIVER AND/OR ESTOPPEL

1.      As a first and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Nimble avers that the SAC, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
## WAIVER AND/OR ESTOPPEL

2.      As a second and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Nimble is informed and believes, and on that basis avers, that Plaintiff's claims are barred in whole or in part by the doctrine of waiver and/or estoppel.

## THIRD DEFENSE
## LACHES

3.      As a third and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Nimble is informed and believes, and on that basis avers, that Plaintiff's claims are barred in whole or in part by the doctrine of laches.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**FOURTH DEFENSE**
**UNCLEAN HANDS AND IN PARI DELICTO**

4.      As a fourth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Nimble  is informed and believes, and on that basis avers, that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**FIFTH DEFENSE**
**CONSENT**

5.      As a fifth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Nimble  is informed and believes, and on that basis avers, that Plaintiff's claims are barred in whole or in part because Plaintiff consented to some or all of the actions averred in the SAC.

**SIXTH DEFENSE**
**ACQUIESCENCE**

6.      As a sixth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Nimble is informed and believes, and on that basis avers, that Plaintiff's claims are barred in whole or in part because Plaintiff's acquiesced to some or all of the actions averred in the SAC.

**SEVENTH DEFENSE**
**COPYRIGHT PREEMPTION**

7.      As a seventh and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Nimble is informed and believes, and on that basis avers, that Plaintiff's claims are barred in whole or in part because they are preempted in whole or in part under Section 301 of the Copyright Act.

**EIGHTH DEFENSE**
**PREEMPTON UNDER THE CALIFORNIA UNIFORM TRADE SECRETS ACT**

8.      As an eighth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Nimble is informed and believes, and on that basis avers, that

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

NetApp's claims are barred in whole or in part because they are preempted by the California Uniform Trade Secrets Act.

### NINTH DEFENSE
### PLEADING UNCERTAIN

9.     As a ninth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, the SAC is uncertain in that it, *inter alia*, fails to state with reasonable particularity:  (1) the averred wrongful acts or omissions on the part of Nimble as to its unfair competition claim; or (2) facts sufficient to aver the relief sought by NetApp as to its unfair competition claim.

### TENTH DEFENSE
### LACK OF KNOWLEDGE

10.     As a tenth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, NetApp is not entitled to any relief against Nimble because Nimble had no knowledge of or reasonable grounds to believe in the existence of the matters averred in the SAC.

### ELEVENTH DEFENSE
### COMPARATIVE FAULT

11.     As an eleventh and separate defense, and solely by way of an alternative defense, not to be construed as an admission, NetApp was careless and negligent in and about the matters averred in the SAC, said carelessness and said negligence on NetApp's own part proximately contributed to the happening of the incidents, injuries, losses and damages complained of, if there were any, and said negligence on the part of NetApp shall diminish its recovery herein, if any, in direct proportion to the extent of such negligence.

### RESERVATION OF DEFENSES

12.     As an twelfth and separate defense, and solely by way of an alternative defense, not to be construed as an admission, Nimble avers that it has not yet completed its investigation and discovery of all the facts and circumstances regarding the subject matter of the SAC, and, accordingly, reserves its right to amend, modify, and plead such further defenses, and take such

1   other actions as necessary and proper for its defense, upon completion of its investigation and

2   study.

3                                    **PRAYER FOR RELIEF**

4           WHEREFORE, Nimble requests relief against NetApp as follows:

5           a.      For a judgment in favor of Nimble denying NetApp all remaining  relief requested in

6   its Second Amended Complaint and dismissing with prejudice the last remaining claim of its

7   Second Amended Complaint;

8           b.      For an award of costs to Nimble, including reasonable attorneys' fees, if available; and

9           c.      For such other relief as the Court shall deem just and proper.

10

11  Dated:  February 17, 2015                    FENWICK & WEST LLP

12

13                                          By:   _Patrick E. Premo_____
                                                 Patrick E. Premo
14

15                                          Attorneys for Defendant
                                            NIMBLE STORAGE, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28