1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| NETAPP, INC., | ) | Case No. 5:13-cv-05058-LHK |
| Plaintiff, | ) ) | **OMNIBUS ORDER RE: MOTIONS TO SEAL** |
| v. | ) ) | |
| NIMBLE STORAGE, INC., et al. | ) ) | **(Re: Docket Nos. 143, 147, 148, 149, 150, 151, 157)** |
| Defendants. | ) ) ) | |

Before the court are several administrative motions to seal.  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1]  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2]  Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

Case No. 5:13-cv-05058-LHK
OMNIBUS ORDER RE: MOTIONS TO SEAL

United States District Court
For the Northern District of California

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4]  Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5]  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6]  As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8]  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9]  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

2

United States District Court
For the Northern District of California

is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the courts rules on the instant motions as follows:

| Motion to Seal | Document to be Sealed | Result | Reason/Explanation |
|---|---|---|---|
| 143 | NetApp's Notice of Motion and Motion to Enforce Settlement Agreement | Designations highlighted in yellow at Docket No. 143-4 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 143 | Proposed Order Granting NetApp's Motion to Enforce Settlement Agreement | Docket No. 143-6 at 1:6-2:8 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 143 | Exhibit H to the Khachatourian Declaration | SEALED | Narrowly tailored to confidential business information. |
| 143 | Declaration of Richard Cheng in Support of NetApp's Motion to Enforce Settlement Agreement | Designations highlighted in yellow at Docket No. 143-18 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 143 | Declaration of Troy Dunham in Support of NetApp's Motion to Enforce Settlement Agreement | Designations highlighted in yellow at Docket No. 143-20 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 143 | Exhibit B to the Dunham | SEALED | Narrowly tailored to confidential business |

[12] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1).

Case No. 5:13-cv-05058-LHK
OMNIBUS ORDER RE: MOTIONS TO SEAL

United States District Court
For the Northern District of California

| | Declaration | | information. |
|---|---|---|---|
| 143 | Exhibit C to the Dunham Declaration | SEALED | Narrowly tailored to confidential business information. |
| 143 | Exhibit D to the Dunham Declaration | SEALED | Narrowly tailored to confidential business information. |
| 143 | Exhibit E to the Dunham Declaration | SEALED | Narrowly tailored to confidential business information. |
| 143 | Exhibit F to the Dunham Declaration | SEALED | Narrowly tailored to confidential business information. |
| 147 | NetApp's Motion for Extension of Time | Designations highlighted in yellow at Docket No. 147-4 SEALED, all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 147 | NetApp's Motion for Expedited Briefing | Designations highlighted in yellow at Docket No. 147-6 SEALED, all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 147 | Consolidated Declaration of Karineh Khachatourian in Support of Motion for Extension of Time and Motion for Expedited Briefing | Designations highlighted in yellow at Docket No. 147-8 SEALED, all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 147 | Exhibit B to the Consolidated Khachatourian Declaration | Designations highlighted in yellow at Docket No. 147-10 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 148 | Nimble Storage, Inc.'s Opposition to Motion for Extension of Time | Designations highlighted in yellow at Docket No. 148-4 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 148 | Declaration of Patrick Premo in Support of Opposition to Motion for Extension of Time | Docket No. 148-6 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 148 | Exhibit 1 to Premo Declaration | SEALED | Narrowly tailored to confidential business information. |

4

United States District Court
For the Northern District of California

| 148 | Exhibit 2 to Premo Declaration | SEALED | Narrowly tailored to confidential business information. |
|---|---|---|---|
| 149 | NetApp's Reply in Support of Motion for Extension of Time | Designations highlighted in yellow at Docket No. 149-4 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 150 | Defendants' Opposition to Motion to Enforce Settlement Agreement | Designations highlighted in yellow at Docket No. 150-4 at 1:18-2:26, 3:7-7:8, 7:16-22; 7:25-13:2, 13:10-15:17, 16:4-6, 16:22-17:10, 17:25-18:27, 19:6-8 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 150 | Declaration of Patrick Premo in Support of Opposition to Motion to Enforce Settlement Agreement | Designations highlighted in yellow at Docket No. 150-6 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 150 | Exhibit 1 to Premo Declaration | SEALED | Narrowly tailored to confidential business information. |
| 150 | Exhibit 2 to Premo Declaration | SEALED | Narrowly tailored to confidential business information. |
| 150 | Exhibit 3 to Premo Declaration | SEALED | Narrowly tailored to confidential business information. |
| 150 | Exhibit 4 to Premo Declaration | SEALED | Narrowly tailored to confidential business information. |
| 150 | Exhibit 5 to Premo Declaration | SEALED | Narrowly tailored to confidential business information. |
| 150 | Exhibit 6 to Premo Declaration | SEALED | Narrowly tailored to confidential business information. |
| 150 | Declaration of Sebastian Kaplan in Support of Opposition to Motion to Enforce Settlement Agreement | Designations highlighted in yellow at Docket No. 150-16 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |

Case No. 5:13-cv-05058-LHK
OMNIBUS ORDER RE: MOTIONS TO SEAL

| 150 | Exhibit 1 to Kaplan Declaration | SEALED | Narrowly tailored to confidential business information. |
|---|---|---|---|
| 150 | Exhibit 2 to Kaplan Declaration | SEALED | Narrowly tailored to confidential business information. |
| 150 | Declaration of Joel Brillhart in Support of Opposition to Motion to Enforce Settlement Agreement | Designations highlighted in yellow at Docket No. 150-20 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 151 | NetApp's Reply in Support of Motion to Enforce Settlement Agreement | Designations highlighted in yellow at Docket No. 151-4 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 151 | Supplemental Declaration of Karineh Khachatourian in Support of NetApp's Motion to Enforce Settlement Agreement | Designations highlighted in yellow at Docket No. 151-9 at 1:11-14, 1:25-4:19, 5:10-6:3 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 151 | Exhibit C to Supplemental Khachatourian Declaration | SEALED | Narrowly tailored to confidential business information. |
| 151 | Supplemental Declaration of Troy Dunham in Support of NetApp's Motion to Enforce Settlement Agreement | SEALED | Narrowly tailored to confidential business information. |
| 151 | Supplemental Declaration of Richard Cheng in Support of NetApp's Motion to Enforce Settlement Agreement | SEALED | Narrowly tailored to confidential business information. |
| 157 | Defendants' Objection to Reply Evidence Lodged in Support of NetApp's Motion to Enforce Settlement Agreement | SEALED | Narrowly tailored to confidential business information. |

**SO ORDERED.**

Dated: September 22, 2015

6

Case No. 5:13-cv-05058-LHK
OMNIBUS ORDER RE: MOTIONS TO SEAL

1

PAUL S. GREWAL
United States Magistrate Judge

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7